BOWERY NATIONAL BANK v. MAYOR, ETC., OF NEW YORK, appellants.

*Contract — condition precedent — certificate of performance.*

A contract for paving a street in the city of New York provided that the contractor should not be entitled to demand or receive payment for work or materials until the work should be fully completed in the manner agreed, and such completion certified by the inspectors employed thereon, and by the water purveyor, or other officer designated by the commissioner of public works; wherefore, the city agreed to pay to the contractor, on the confirmation of the assessment, the sum specified in such agreement. A certificate of the completion of the work was given by the inspector, but none had been given by the water purveyor, nor by any other officer designated by

the commissioner of public works. Such commissioner, however, had certified that the work had been returned as properly completed, and had been accepted. *Held*, that it was competent for the parties to make these provisions for determining whether or not the contract had been performed, and they having done so, in express terms, the obtaining of both certificates became a condition precedent to any right of recovery by the contractor.

*Held, also*, that the decision of the question of completion having been referred, by the contract, to the inspector and purveyor, it could not afterward be withdrawn and referred to the decision of a court or jury, without showing impossibility of performance, or that the certificate had been unreasonably and in bad faith refused.

*Held, further*, that the certificate of the commissioner of public works himself, that the work had been performed and accepted, was not a sufficient compliance with the terms of the contract.

By the terms of the contract, the money was not payable until the assessment levied should be confirmed. That had not been done, because confirmation had been prevented by injunction. *Held*, that it was no answer to the objection that the money was not yet due for the plaintiff to show the pendency of the injunction.

APPEAL from a judgment entered upon a verdict directed by the court. The facts appear sufficiently in the opinion.

*E. Delafield Smith*, corporation counsel, for appellants.

*Robert H. Strahan*, for respondent.

DAVIS, P. J. The plaintiff sues, as assignee of a contract, for paving One Hundred and Twenty-eighth street, from Second to Sixth avenues. The contract was made between Charles H. Green, president of the Hamar Preserved Wood Pavement Company and the defendant. Among other provisions, the contract provided that the contractor " shall not be entitled to demand or receive payment for any portion of the aforesaid work or materials, until the same shall be fully completed in the manner set forth in this agreement, and each and every one of the stipulations hereinbefore mentioned are complied with, and such completion duly certified by the inspectors employed on the work, and by the water purveyor or other officer designated by the said commissioner of public works; whereupon the parties of the first part will pay, and hereby bind themselves and their successors to pay to the said party of the second part, in cash, on the confirmation of the assessment to be laid for

said work, the whole of the moneys accruing to him under this agreement." etc.

It was also provided in said agreement, "that nothing herein contained be construed to affect the right hereby reserved of the said commissioner of public works to reject the whole or any portion of the aforesaid work, should the said certificate be found or known to be inconsistent with the terms of this agreement, or otherwise improperly given."

On the trial it appeared that William M. Tweed was commissioner of public works, and, on behalf of the defendants executed the said contract; that a certificate of the completion of the work had been given by the inspector, but that no such certificate had been given by the water purveyor, nor by any other officer designated by the commissioner of public works, and that no assessment laid for such work had been confirmed. It appeared, however, that Mr. Tweed, the commissioner of public works, had certified that the work "has been returned as properly completed, and has been accepted by this department."

It was also shown that the completion and confirmation of the assessment had been restrained by a temporary injunction issued by the court of common pleas, in a suit brought by one Tooker, as plaintiff, against the defendant and various officers of the city.

Upon these facts the defendants moved to dismiss the complaint, on the grounds, first, that no money is yet payable under the contract; and, second, that there is no certificate of the water purveyor as to the acceptance of the work. The court denied the motion and defendants duly excepted.

The court thereupon directed verdict for the plaintiff for $22,958.63, and defendants duly excepted.

The conditions relied upon by the defendants, on their motion, are very plainly expressed in the contract. It is stipulated that the evidence of the completion of the contract shall be the certificate of the inspector in charge of the work and the water purveyor (a well-known officer of the city), or such other officer as might be designated by the commissioner. No designation of any other officer having been shown to have been made, the requirement of the contract is the certificate of the water purveyor. It was clearly competent for the contracting parties to make these provisions, as to the mode of determining whether or not the contract had been performed according to its stipulations; and, having done so in express

terms, the obtaining of both certificates became a condition precedent to any right of recovery on the part of the contractor, unless waived or otherwise disposed of. *Smith* v. *Brady*, 17 N. Y. 173; *Butler* v. *Tucker*, 24 Wend. 447; *Thomas* v. *Fleury*, 26 N. Y. 26. The decision of the question of completion having been referred by the contract to the inspector and purveyor, it cannot now be withdrawn and referred to the decision of a court or jury without showing impossibility of performance, or that the certificate has been unreasonably and in bad faith refused. *Butler* v. *Tucker*, 24 Wend. 447; *United States* v. *Robeson*, 9 Pet. 319.

No evidence on those subjects was given; but it was shown that Mr. Tweed, the commissioner of public works, had himself certified, as such commissioner, that the work had been performed and accepted. It is claimed that this was a sufficient compliance with the terms of the contract, because the commissioner, being the officer who might, under the contract have designated another officer than the purveyor to make the certificate, had, for that reason, power to perform the act required of such officer himself. But this position cannot be sustained. The power to designate an officer to perform the act by no means includes authority in the designating officer to to do it himself. It was the judgment of the water purveyor, or officer to be designated for that special purpose, for which the defendants contracted. It often occurs that power to select officers or persons to perform specific duties is conferred upon a board or officer, but it is seldom true that the authority to select includes also the power to perform the acts to be done by the officer or person chosen. Courts are authorized to appoint commissioners to estimate and assess damages, but it by no means follows that the estimate or assessment can, for that reason, be made by the courts; and so in agreements of arbitration, it frequently occurs that some third person is named to choose an umpire, but the power to choose in that case does not carry to such person the right to be umpire himself.

Besides, Mr. Tweed's duty as commissioner was quite inconsistent with his assumption to perform that which the contract referred to the water purveyor, because, as such commissioner, the law and the contract provide that he shall exercise ultimate supervision so far as, not only as commissioner to determine whether the work is in fact done according to the contract, but to decide whether the certificates required have not been improperly given. To allow him, therefore, to substitute himself for the water purveyor — to perform

the subordinate duty — is to deprive the defendants of his final supervision and judgment. To allow this practice, would be to open an easy door for a long line of frauds upon the city.

But, by the terms of the contract, if the certificate had been given, the money was not payable till the assessment laid should be confirmed. The assessment had not been confirmed. It was shown that its confirmation had been prevented by the injunction, *pendente lite*, of a court of competent jurisdiction. No proof was given that the suit was collusive, or that the defendants were otherwise connected with it than as litigants whose action was temporarily restrained against their will. Under such circumstances, there is no ground for saying that the suit and injunction were any thing more than incidental embarrassments in the way of the confirmation of the assessment, for which neither party was in fault, and which may as well have been in the contemplation of one as the other when the contract was made. It by no means followed that the assessment would not be confirmed, nor that the injunction would not be removed at the hearing. It was, therefore, no answer to the objection that the money was not yet due, for the plaintiff to show the pendency of the suit and injunction.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

DANIELS and DONOHUE, JJ., concurred.

*Judgment accordingly.*